UNITED STATES, Appellee

v

TED I. DUMAS, Private, U. S. Army, Appellant

No. 28,865

January 10, 1975

*Colonel Victor A. DeFiori, Captain Leland M. Stenehjem, Jr.,* and *Captain Sammy S. Knight* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen, Captain Richard S. Kleager,* and *Captain David A. Schlueter* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

The accused was in the Army less than 5 months when he committed the offenses with which he was charged. The evidence indicates that he was just 17 years of age when he enlisted and was still 17 at the time of trial. It further appears from sworn testimony that when the Army recruiter, the accused's probation officer, and the judge "got together," the accused was enlisted as an alternative to confinement in a civilian juvenile detention camp. The accused's mother was his legal guardian, but her consent was not obtained, and, in fact, she did not know of the enlistment. Trial counsel cross-examined the witnesses extensively, but his examination merely reaffirmed the recited facts. On the record, therefore, the accused's enlistment was void, and there is no reasonable basis for a conclusion that a valid constructive enlistment could have been ef-. fected. *United States v Catlow,* 23 USCMA 142, 48 CMR 758 (1974).

Government counsel have moved to remand the case for a "further evidentiary hearing" because defense counsel, at trial, had indicated that he perceived "no jurisdictional problem." Apparently, the judge had sensed the existence of a problem, but put aside his apprehension when both trial counsel and defense counsel indicated that there was no issue. However, their mistake does not negate the legal effect of the undisputed facts of record. The present application for remand presents nothing to suggest that the operative facts are otherwise than as they appear in the record. Accordingly, no useful purpose would be served by continuing the proceedings.

The motion for remand is denied, and the decision of the Court of Military Review is reversed. The findings of guilty and the sentence are set aside, and the charges are ordered dismissed.